This case has been sua sponte removed from the accelerated calendar.
 DECISION.
On April 21, 1998, defendant-appellee, Lamont Snell, was indicted for escape under R.C. 2921.34(A). Snell filed a motion to dismiss on June 9, 1998, alleging that he could not be convicted of escape pursuant to the statute as it read prior to July 1, 1996. The trial court granted the motion to dismiss on July 8, 1998. The state has appealed the trial court's decision, stating, in its sole assignment of error, that the trial court erred as a matter of law in granting Snell's motion to dismiss.
Senate Bill 2, the first comprehensive revision of Ohio's criminal code, was signed into law in 1995. Its effective date was July 1, 1996. It is uncontested that, prior to Senate Bill 2, a parolee could not be convicted of the crime of escape. R.C. 2967(C)(2), as it existed prior to Senate Bill 2, provided that:
 A furloughee or any release other than a person who is released on parole or pardon is considered to be in custody while on furlough or other release and, if he absconds from supervision, he may be prosecuted for the offense of escape. [Emphasis added.]
 After Senate Bill 2, the criminal code was amended again in 1998, effective March 17, 1998. As part of the amendments, the General Assembly modified R.C. 2967.15(C)(2) to permit the prosecution of persons on parole for escape. In applying the amended statute, this court has held that a furloughee released on parole could not be convicted of escape when the commission of the alleged offense occurred between October 4, 1996, and March 17, 1998.[1] As a result, prior to March 17, 1998, a parolee could not be convicted of escape under R.C. 2921.34(A).
The state argues here that, because Snell allegedly escapedafter March 1998, he was properly indicted for the crime of escape under the current statute. In response, Snell contends that, even if he did commit the crime of escape as it is defined after the effective date of the 1998 amendments, the amended statute cannot be applied to him because of the language found in R.C. 2967.021(A), which states that:
 Chapter 2967, of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996. [Emphasis added.]
We agree with Snell.
It is not contested that at the time of Snell's alleged escape he was on parole from a state correctional institution for sentences imposed on August 9, 1988. R.C. 2967.021 is clear that the Revised Code shall be applied as it existed prior to Senate Bill 2's amendments to a person imprisoned before July 1, 1996. Because Snell was imprisoned before July 1, 1996, he could not therefore be charged with the crime of escape as it presently exists. Accordingly, we conclude that the trial court was left with no other recourse but to grant Snell's motion to dismiss. Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 Hildebrandt, P.J., concurs.
GORMAN, J., dissents.
[1] See State v. Jeffers (Sept. 11, 1998), Hamilton App. No. C-980150, unreported, discretionary appeal allowed (Feb. 3, 1999),84 Ohio St.3d 1487, 705 N.E.2d 367; State v. Schultz (Aug. 7, 1998), Hamilton App. No. C-970954, unreported, discretionary appeal allowed (Dec. 16, 1998), 84 Ohio St.3d 1437,702 N.E.2d 1214.